UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:19-cv-20577

JUDY CORGIAT,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.

_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY**

Plaintiff, JUDY CORGIAT ("Plaintiff"), through undersigned counsel, sues Defendant, CARNIVAL CORPORATION, ("Defendant"), and demands trial by jury, stating as follows:

**PARTIES AND JURISDICTION**

1. Plaintiff seeks damages in excess of $75,000.00, exclusive of interest, costs and attorney's fees.

2. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 as this is a civil action in which the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state.

3. This Honorable Court also has admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333, as the causes of action asserted are maritime torts.

4. This action is being filed in this Court because of the forum selection clause in the Passenger Ticket Contract issued by Defendant.

5. Plaintiff is *sui juris* and is a resident and citizen of Herriman, Utah.

6. Defendant is a foreign corporation incorporated in Panama, and which is authorized to conduct, and which does conduct business in the State of Florida, which at all times material hereto was and is doing business in Miami-Dade County, Florida, and which maintains its corporate headquarters and principal place of business in Miami-Dade County Florida

7. Defendant is a citizen of the State of Florida.

8. Defendant, at all times material hereto, personally or through an agent, in the County and in the District in which this Complaint is filed:

   A. Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or

   B. Had an office or agency in this state and/or county; and/or

   C. Engaged in substantial activity within this state; and/or

   D. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193.

9. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## GENERAL ALLEGATIONS

10. At all times material thereto, Defendant owned, operated, managed, maintained and/or controlled the cruise ship vessel, the Carnival *Horizon*.

11. This incident occurred on or about January 12, 2019, while Plaintiff was a fare paying passenger onboard the Carnival *Horizon*.

12. Plaintiff had just boarded, and she asked a crew member for directions to her cabin, and a crew member gave her directions. As Plaintiff was walking, she encountered an incline, slope, and/or a dip in a carpet that was not apparent. Plaintiff's foot caught on this incline, slope,

and/or dip in a carpet, causing her to fall and to suffer serious injuries, including, but not limited to, a severe rotator cuff tear and severe fractures that will require surgery, including a total shoulder replacement.

13. At all times relevant, the carpet, floor, area, and its vicinity were unreasonably dangerous, defective, outdated, improperly designed, improperly installed, and/or otherwise unsafe.

14. The carpet, floor, area, and its vicinity lacked adequate safety features to prevent Plaintiff's incident and were unreasonably dangerous.

15. These hazardous conditions were known or should have been known to Defendant in the exercise of reasonable care.

16. These hazardous conditions existed for a period of time before the incident.

17. These conditions were neither open nor obvious to Plaintiff.

18. Nevertheless, at all times relevant, Defendant failed to adequately inspect the area of Plaintiff's incident for dangers.

19. Further, Defendant failed to adequately repair the carpet, floor, area, and its vicinity to ensure that they were reasonably safe and in a reasonably safe condition.

20. At all times relevant, Defendant failed to eliminate the hazards.

21. At all times relevant, Defendant failed to properly maintain the carpet, floor, area, and its vicinity.

22. At all times relevant, Defendant participated in the design and/or approved the design of the ship, as well as the carpet, floor, area, and its vicinity involved in Plaintiff's incident.

23. At all times relevant, Defendant participated in the instillation and/or approved the installation of the carpet, floor, area, and its vicinity involved in Plaintiff's incident.

24. At all times relevant, Defendant participated in the decision to remove and/or not to install, and/or approved the decision to remove and/or not to install, adequate safety features to prevent

incidents such as Plaintiff's from occurring.

25. At all times relevant, Defendant failed to properly train and supervise its crew.

26. At all times relevant, Defendant failed to provide adequate handrails for passengers traversing the area where Plaintiff fell.

27. At all times relevant, Defendant failed to provide adequate lighting to enable passengers such as Plaintiff to notice the hazards.

## COUNT I –
## NEGLIGENCE

28. Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 26 as if set forth herein.

29. The Defendant owed a duty to exercise reasonable care under the circumstances for the safety of its passengers.

30. Such duties include, but are not limited to, the duty to provide its passengers reasonable care to inspect for and resolve dangerous and hazardous conditions that passengers, including the Plaintiff, will likely encounter.

31. Such duties also include, but are not limited to, the duty to maintain its ship in a reasonably safe condition for the use and enjoyment of its passengers.

32. Such duties also include, but are not limited to, the duty to warn passengers of hazards which passengers may reasonably be expected to encounter.

33. At all times material, the Defendant, through its vessel, crew, agents, employees, staff and/or representatives, who were acting in the course and scope of their employment and/or agency with the Defendant, breached the duty of reasonable care owed to the Plaintiff and were negligent in one or more of the following ways:

    a. Failing to keep and maintain the carpet, floor, area, and its vicinity in a reasonably safe condition;

b. Failing to inspect, clean, keep and maintain the carpet, floor, area, and its vicinity in a reasonably safe condition;

c. Failing to install proper and reasonable safeguards to prevent passengers from being injured when using the subject carpet, floor, area, and its vicinity;

d. Failing to take proper precautions for the safety of passengers using and/or traversing the subject area;

e. Failing to warn Plaintiff of the dangerous conditions of the carpet, floor, area, and its vicinity;

f. Failing to have adequate policies and procedures in place for inspection, cleaning and maintenance of the carpet, floor, area, and its vicinity;

g. Creating a dangerous condition and/or failing to remedy a dangerous condition which was known by the Defendant and which in the exercise of reasonable care should have been known by the Defendant;

h. Failing to adequately train its crew to keep the carpet, floor, area, and its vicinity clean and free of hazards;

i. Failing to employ sufficient crewmembers or adequately trained crewmembers to properly inspect, clean and maintain the area of the ship where Plaintiff's incident occurred, and Defendant knew or should have known that this area and/or ship was inadequately staffed;

j. Failing to install protective measures in the subject area in order to avert the subject area from becoming unreasonably hazardous, or otherwise unreasonably dangerous;

k. Negligently designing the ship, the carpet, floor, area, and its vicinity to allow hazards, such as the incline, slope, and/or dip Plaintiff encountered, to be in places where they could harm passengers, such the area of the incident, as well as in path of passengers

such as Plaintiff;

l. Negligently designing the ship, the carpet, floor, area, and its vicinity such that the area where Plaintiff's incident occurred did not have adequate safety features;

m. Negligently removing adequate safety features from the area where Plaintiff fell;

n. Negligently allowing hazards, such as the incline, slope, and/or dip Plaintiff encountered, to be in places where they could harm passengers, such the area of the incident, as well as in path of passengers such as Plaintiff;

o. Failing to keep the carpet, floor, area, and its vicinity clean and free of hazards;

p. Failing to adequately treat the carpet, floor, area, and its vicinity to prevent them from becoming a hazard;

q. Failing to otherwise prevent the carpet, floor, area, and its vicinity from becoming a hazard;

r. Failing to repair the carpet, floor, area, and its vicinity so that they were no longer a hazard;

s. Failing to implement corrective measures after prior similar incidents;

t. Failing to warn of known hazards;

u. Failing to warn passengers of prior similar incidents;

v. Failing to properly and safely instruct passengers using the subject area of the risks involved;

w. Through giving Plaintiff directions to proceed through this dangerous area without adequately warning her;

x. Failing to provide adequate handrails for passengers traversing the area where Plaintiff fell;

y. Failing to provide adequate lighting to enable passengers such as Plaintiff to notice the hazards;

z. Failing to comply with applicable standards, statutes, or regulations the violation of which is negligence per se and/or evidence of negligence;

aa. Failing to provide prompt, proper, and adequate medical care in its infirmary, including, but not limited to, unreasonably delaying attempting to treat Plaintiff, misdiagnosing and/or failing to diagnose her injuries, failing to adequately treat her injuries, failing to properly get Plaintiff the treatment she needed, failing to medically evacuate Plaintiff, with the result that Plaintiff spent the cruise with her injury not adequately treated, by providing improper treatment that prevented Plaintiff from adequately receiving treatment in a timely fashion, and aggravating the severity of her injuries by the ship's medical staff;

bb. Failing to otherwise maintain the area and the premises in a safe and reasonable manner; and/or

cc. Through other acts or omissions constituting a breach of the duty to use reasonable care which will be revealed through discovery.

34. Defendant's negligence proximately caused Plaintiff great bodily harm in that, but for the Defendant's negligence, Plaintiff's injuries would not have occurred.

35. Defendant either (a) had actual knowledge of the risk creating and/or dangerous conditions; (b) had constructive knowledge of the risk creating and/or dangerous conditions; (c) would have had knowledge of the risk creating and/or dangerous conditions had the Defendant implemented proper methods of inspection; and/or (d) created the risk creating and/or dangerous conditions.

36. As a result of the Defendant's negligence, Plaintiff has suffered severe bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, lost wages,

and loss of future earning capacity.

37. The losses are either permanent or continuing in nature.

38. Plaintiff has suffered these losses in the past and will continue to suffer such loses in the future.

**WHEREFORE**, Plaintiff, JUDY CORGIAT, demands Judgment against Defendant, CARNIVAL CORPORATION, for damages suffered and costs incurred, as well as for damages and costs that Plaintiff will suffer and incur in the future, as a result of Plaintiff's bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, lost wages, loss of ability to earn money in the future, loss of important bodily functions, and loss of capacity for the enjoyment of life; for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, JUDY CORGIAT, demands trial by jury on all issues so triable.

**Dated:** February 12, 2019.

ARONFELD TRIAL LAWYERS
Attorneys for Plaintiff
3132 Ponce de Leon Boulevard
Coral Gables, Florida 33134
P:   (305) 441.0440
F:   (305) 441.0198

By:   /s/Spencer Aronfeld, Esq.
Spencer Aronfeld, Esq.
Florida Bar No.: 905161
Aronfeld@Aronfeld.com

By:   /s/Raul G. Delgado II, Esq.
Raul G. Delgado II, Esq.
Florida Bar No.: 94004
rdelgado@aronfeld.com

By:   s/Matthias M. Hayashi, Esq.
Matthias M. Hayashi, Esq.
Florida Bar No.: 0115973
MHayashi@Aronfeld.com